## Smith's Estate

Before Stearne, Sinkler, Klein, Bolger, and Ladner, JJ.

*Roland J. Christy,* for petitioner.

*Thomas Boylan,* for respondent.

STEARNE, J., February 23, 1940.—This is a petition, and answer thereto, for a citation upon an executrix to show cause why the fiduciary should not apply to this court for the sale of real estate for the payment of debts.

Decedent died May 3, 1936. On February 13, 1937 (within one year) petitioner, a creditor, filed suit in the court of common pleas (transferred to Municipal Court) and caused said suit to be indexed in the judgment index. The record of this court discloses that on March 4 and 5, 1937, the account of the executrix (respondent) was audited, the claim of petitioner litigated, and by adjudication dated April 23, 1937, allowed. The personal estate was insufficient to pay the debts, and a pro rata distribution was decreed to all creditors, including petitioner.

On November 3, 1939, the present petition for citation was allowed. On December 1, 1939, respondent filed her answer.

Respondent admits the averments in the answer, but states that a statement of claim was filed in the Municipal Court, an affidavit of defense made to said statement (denying liability) and that the matter is still pending in that court.

There is no merit to this answer. Where the personal estate is insufficient to pay debts, the executor may be required to apply to the orphans' court for authority "to sell . . . so much of the real estate as shall be necessary to supply the deficiency": Fiduciaries Act of June 7, 1917, P. L. 447, sec. 16 (a). Indeed, as the final settlement of the executrix's account discloses that the personal estate was insufficient to pay all debts, the creditor may himself petition for such sale: See section 16 (b) 2 of the Fiduciaries Act, supra.

Section 15 (a) of the Fiduciaries Act, supra, provides that no debt of a decedent "shall remain a lien" on the real estate longer than one year after the decease of the debtor "unless within said period an action for the recovery thereof be brought against the executor or administrator of such decedent; and such action shall be indexed . . . in the judgment index".

The statutory requirement was observed by petitioner and its status as a judgment lien creditor appears clear.

Respondent answers, however, that proceedings on the action so commenced and indexed are still pending and undetermined. She overlooks, however, that the merits of the claim have been, in the meantime, adjudicated in this court and the claim allowed. Under the Act of June 7, 1919, P. L. 412, amending section 15 (a) of the Fiduciaries Act, an award in the orphans' court (after suit is started and indexed as provided in the Fiduciaries Act) is regarded as equivalent to prosecuting the suit in the common pleas to judgment.

As the claim has been adjudicated by this court in favor of petitioner, and is still a lien on the real estate, and since the record discloses that the personal estate is insufficient to pay the debts in full, the prayer of the petition is granted.